# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ORLANDO MAURICE GLOVER | CIVIL ACTION NO. 15-cv-2863 |
| VERSUS | JUDGE HICKS |
| N. BURL CAIN, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Orlando Maurice Glover ("Petitioner") approached a group sitting on the steps outside an apartment and had words with one of the men. The man challenged Petitioner to a fight, but Petitioner pulled a gun and fired five or six shots. One round hit a 12-year-old boy in the arm, and another hit the leg of a four-month-old infant. Both victims survived. A Caddo Parish jury convicted Petitioner of two counts of attempted manslaughter, and he was adjudicated a second felony offender.

Petitioner's arguments on direct appeal included that the trial court did not properly instruct the jury on the burden of proof regarding self-defense and that trial counsel was ineffective for not objecting to that instruction. Petitioner later filed a post-conviction application that asserted other claims of ineffective assistance of counsel and two Brady claims. The post-conviction process ended with an opinion from the Supreme Court of Louisiana in November 2015, and Petitioner soon filed this federal habeas petition. The federal petition asserts several of the claims presented in state court, including attacks on the jury instructions and counsel's alleged failure to properly object regarding the instructions.

The federal petition has been through the initial review process, and the State has been served and filed a brief in response. The petition, now pending for almost two years, is ripe for decision. Petitioner has, however, now filed a Motion to Supplement and Hold the Petition in Abeyance (Doc. 13) that is now before the court.

Petitioner states that in October 2017 he filed a new application for post-conviction relief in the state court and argued (for the first time) that trial counsel rendered ineffective assistance by not objecting to certain instructions regarding the intent requirement of attempted second degree murder (of which Petitioner was not convicted) and attempted manslaughter. He argues that an objection would have resulted in a different jury instruction and a reasonable probability that the verdict would have been different.

The stay and abeyance requested by Petitioner "should be available only in limited circumstances." Rhines v. Weber, 125 S.Ct. 1528 (2005). Courts should be cautious about granting such stays because they undermine the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. A "stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." Id.

Petitioner has not shown good cause to stay this 2015 case. He articulates no reason for his failure to assert this claim in his original post-conviction application, which would

have exhausted the claim and allowed its inclusion in his original federal petition. Petitioner had all the information necessary to assert the claim at the time of his original post-conviction application, as evidenced by his attack on other aspects of the jury instructions during direct appeal. Petitioner does not claim that there is new information or any other reasonable excuse for his delay in asserting this claim. There is, however, a significant likelihood that the 2017 post-conviction application will be met with a timeliness defense and other potentially valid procedural objections. Even if the state court were to reach the merits, it would be several months or even a few years before all stages of those proceedings were completed to exhaust the new claim and allow its presentation in federal court.

This court should not have to carry a case on its docket for several years merely because Petitioner recently thought of a new argument that he easily could have raised in his original filings. The state post-conviction and federal habeas process favor a once-and-done approach, and serial or repetitive filings are disfavored. Accordingly, the court declines to issue a stay in this case. The **Motion to Supplement and Hold the Petition in Abeyance (Doc. 13)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge